# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALEE MUHAMMAD, | Case No. 2:20-cv-15606 (BRM) |
| Petitioner, | |
| v. | **MEMORANDUM & ORDER** |
| WARDEN OF ESSEX COUNTY JAIL, | |
| Respondent. | |

**IT APPEARING THAT:**

1. On or about November 5, 2020, Petitioner Khalee Muhammad ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, requesting the Court vacate his federal sentence in 18-cr-0164, based upon the Interstate Agreement on Detainers ("IAD"). (ECF No. 1.)

2. On February 18, 2021, the Court filed a Memorandum and Order notifying Petitioner that although Petitioner asserts he is bringing a claim under 28 U.S.C. § 2241, the presumptive means for challenging a conviction or sentence collaterally is a motion brought pursuant to 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002) (§ 2255 is the presumptive means for challenging a conviction, resort to § 2241 or other alternative means is not available absent circumstances not present in this case). (ECF No. 2.) The Court provided Petitioner with forty-five days in which to inform the Court if Petitioner wanted to (a) have the Court convert his petition to a § 2255 petition and have his petition ruled upon as filed; or (b) withdraw his motion and file an all-inclusive § 2255 petition. (*Id.*)

3. On April 9, following a change in Petitioner's address, the Court filed an Order directing the Clerk of the Court to re-send Petitioner a copy of the Court's February 18, 2021 (ECF No. 2) Memorandum and Order and providing Petitioner with an additional forty-five days in which to inform the Court if Petitioner wanted to (a) have the Court convert his petition to a § 2255 petition and have his petition ruled upon as filed; or (b) withdraw his motion and file an all-inclusive § 2255 petition. (ECF No. 6.)

4. On April 12, 2021, Petitioner filed a letter requesting a status update regarding this matter. (ECF No. 8.) Subsequently on April 26, 2021, the Court again directed the Clerk of the Court to re-send Petitioner a copy of the Court's February 18, 2021 (ECF No. 2) Memorandum and Order and provided Petitioner's an additional forty-five days to comply with said Memorandum and Order. (ECF No. 10.)

5. However, on the same day, April 26, 2021, the Clerk of the Court entered on the docket a letter from Petitioner dated April 16, 2021, in which Petitioner addresses the Court's February 18, 2021 (ECF No. 2) Memorandum and Order. (ECF No. 9.) Petitioner has elected to have his § 2241 petition converted to an all inclusive *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

6. In accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings, this Court has screened the motion for dismissal and determined that a dismissal without a response is not warranted.

Accordingly, and for good cause appearing,

**IT IS** on this 2nd day of May 2021,

**ORDERED** that Petitioner's § 2241 petition (ECF No. 1) is converted to an all inclusive *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255; it is further

**ORDERED** Respondent shall file a full and complete response to the motion within sixty (60) days of the entry of this order; and it is further

**ORDERED** the response shall respond to the allegations and grounds of the motion and shall adhere to Rule 5 of the Rules Governing Section 2255 Proceedings; and it is further

**ORDERED** if the response refers to briefs or transcripts, orders, and other documents from prior proceedings, then Respondent shall file them with the response and include an index of exhibits; and it is further

**ORDERED** Petitioner may file a reply to Respondent's response within thirty (30) days after the response is filed; and it is further

**ORDERED** the Clerk shall serve this order on Petitioner by regular U.S. mail.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**