UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KHALEE MUHAMMAD, | : |
| Petitioner, | : Civil Action No. 20-15606 (BRM) |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

Before the Court is Petitioner Khalee Muhammad's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1, "Motion")[1] and supplemental brief (ECF No. 13), and motion for the appointment of *pro bono* counsel (ECF No. 21.) Following an order to answer, the Government filed a response to the Motion (ECF No. 17), and Petitioner filed a reply (ECF No. 18). For the reasons set forth below, the Court will deny Petitioner's § 2255 Motion and motion for the appointment of *pro bono* counsel and will not issue a certificate of appealability.

**I. BACKGROUND**

On appeal from Petitioner's federal conviction (*United States of America v. Muhammad*, Crim. No. 18-cr-164), the United States Court of Appeals for the Third Circuit summarized the underlying background as follows:

> In 2002, [Petitioner] got into a car accident and started yelling at the other driver. When the other driver's husband came to help her, [Petitioner] punched him in the face. He fell backward, hit his head on the pavement, and died four days later.

---

[1] Petitioner originally filed his Motion as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (*See* ECF No. 1.) As explained below in this Opinion, Petitioner's § 2241 petition has been converted into a § 2255 motion to vacate, set aside, or correct sentence.

> In New Jersey state court, [Petitioner] was convicted of attempted aggravated assault and sentenced to fifteen years' imprisonment. In 2016, he was paroled. While out on parole, he could not have guns.
>
> In 2017, state parole officers searched [Petitioner's] home, finding guns and ammunition. They arrested him and took him into custody. New Jersey revoked his state parole, and he served out the rest of his attempted-aggravated-assault sentence in state prison.

*United States v. Muhammad*, Cir. No. 20-2385, 836 F. App'x 101, 102 (3d Cir. 2021).

On January 17, 2018, Petitioner was charged by complaint for possessing firearms as a previously convicted felon, 18 U.S.C. § 922(g)(1). (Crim. No. 18-164, ECF No. 1.) While Petitioner was still awaiting being sentenced on his state mandatory supervision revocation, he appeared, by way of writ, before the Honorable Joseph A. Dickson, Magistrate Judge, for an initial appearance on January 25, 2018. (*Id.*, ECF No. 4.)

On March 28, 2018, Petitioner was charged by indictment. (*Id.*, ECF No. 9.) On April 25, 2018, by way of writ, Petitioner appeared before the Honorable William H. Walls, for arraignment. (*Id.*, ECF No. 12.) On July 11, 2018, Petitioner was found guilty at his state parole revocation hearing and was sentenced to a term of twelve months. (*See* ECF No. 1, at 7.) On October 18, 2018, Judge Walls granted Petitioner's request for new counsel via order, without an in-person hearing. (Crim. No. 18-164, ECF No. 22.)

On December 20, 2018, Petitioner appeared in the District Court of New Jersey before the Honorable Steven C. Mannion, Magistrate Judge, for a status conference to inform Petitioner of his rights under the Interstate Agreement on Detainers Act ("IADA"). (*Id.*, ECF Nos. 23, 24, 26, 96.) At the hearing, counsel informed the Court that Petitioner wished to waive his IADA rights and return to state custody. (*See id.*, ECF Nos. 24, 96.) Petitioner signed a written waiver of his anti-shuffling rights. (*Id.*, ECF No. 26.)

Petitioner was released from state custody to federal custody in July 2019. (*See* ECF No. 1, at 13.) On July 25, 2019, Petitioner pled guilty to possessing firearms and ammunition as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1) pursuant to a plea agreement. (Crim. No. 18-164, ECF Nos. 39, 41.) On July 1, 2020, the Court sentenced Petitioner to 33 months imprisonment and three-years supervised release. (*Id.*, ECF No. 61.)

Petitioner filed an appeal, arguing only the following claim:

> THE COURT ABUSED ITS DISCRETION IN NOT GRANTING ANY DOWNWARD ADJUSTMENT FOR THE 20 MONTHS [PETITIONER] SPENT IN STATE CUSTODY FOR A PAROLE VIOLATION BASED ON THE SAME CONDUCT AS THE PRESENT OFFENSE AND IMPOSED AN UNREASONABLE EXCESSIVE SENTENCE.

*United States of America v. Muhammad*, Cir. No. 20-2385 (ECF No. 9). On February 17, 2021, the Third Circuit affirmed this Court's judgment. (ECF No. 80.)

Petitioner originally filed his Motion as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (*See* ECF No. 1.) The Court filed a Memorandum and Order notifying Petitioner that although he was attempting to bring a claim under 28 U.S.C. § 2241, the presumptive means for challenging a conviction or sentence collaterally is a motion brought pursuant to 28 U.S.C. § 2255. (*See* ECF No. 2.) The Court provided Petitioner with a chance to inform the Court if he wished to (a) have the Court convert his petition to a § 2255 petition and have it ruled upon as filed; or (b) withdraw his motion and file an all-inclusive § 2255 petition. (*Id.*) On April 26, 2021, Petitioner elected to have his § 2241 petition converted to an all-inclusive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. (ECF No. 9.) On June 23, 2021, the Court converted Petitioner's §2241 petition to a § 2255 motion to vacate, set aside, or correct sentence and ordered Respondents to file a response. (ECF No. 11.) On October 14, 2021, Petitioner filed a motion for the appointment of *pro bono* counsel. (ECF No. 21.)

## II. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

## III. DECISION

Petitioner raises one claim in his instant Motion. Petitioner argues that his IADA rights were violated because he was shuttled between his state prison and the United States District Court while he was serving his state sentence. (ECF No. 1, at 7.) Petitioner submits "defendant who was simultaneously serving a sentence in one state and is awaiting the disposition of unrelated federal charges may invoke the protection of the anti-shuffling provisions of the interstate agreement on detainers." (*Id.*) Petitioner appears to argue in his supplemental brief that if his indictment had been dismissed for a violation of his IADA rights, and the government re-indicted him, Petitioner

would have chosen to go to trial and would have had more successful suppression of evidence arguments to make. (*See generally*, ECF No. 13.)

Respondents argue in their answer that Petitioner's claim is procedurally defaulted and must be denied because it could have been, but was not, raised on direct appeal. (ECF No. 17, at 6.) The Court agrees.

Generally, a motion under 18 U.S.C. § 2255 cannot be used as a substitute for a direct appeal. *See Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985). Therefore, a petitioner is typically barred from collaterally attacking his conviction or sentence using issues that could have been, but were not, brought on direct appeal. *See United States v. Frady*, 456 U.S. 152, 162-63 (1982). To clear the bar, a petitioner must meet a cause and prejudice standard. *Id*. Under this standard, "a convicted defendant must show both (1) cause excusing his . . . default, and (2) actual prejudice resulting from the errors of which he complains." *Id*. at 167-68 (internal quotations omitted). If a petitioner fails to show either cause or prejudice, the claims at issue will be considered defaulted and thus denied. *See, e.g.*, *United States v. Calhoun*, 600 F. App'x 842, 845 n.2 (3d Cir. 2015) (finding that a petitioner who failed to raise a claim on direct appeal "defaulted it"); *U.S. v. Thomas*, 286 F. App'x 779, 781 n.2 (3d Cir. 2008) ("This issue could have been and should have been raised on direct appeal, but was not, and is waived."); *Thomas v. United States*, No. 09-5339, 2016 WL 3129614, at *3 (D.N.J. June 1, 2016) (enforcing procedural default in a § 2255 when petitioner failed to raise claims on direct appeal).

Here, Petitioner argues for the first time that his IADA rights were violated when he was shuttled between state prison and the United States District Court and his indictment should have been dismissed due to that violation. (ECF No. 1.) Petitioner offers no evidence of "cause" to excuse the fact that he failed to raise this issue on appeal and based on the record before the Court,

it does not appear there was any reason Petitioner could not have raised his IADA claim on direct appeal. As such, his claim is procedurally defaulted and habeas relief is denied with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's claim is procedurally defaulted, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.[2]

## V. CONCLUSION

For the reasons stated above, Petitioner's motion to vacate sentence (ECF No. 1) is **DENIED** and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

Dated: February 14, 2022

/s/Brian R. Martinotti
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

---

[2] For the same reasons discussed herein, Petitioner's motion for the appointment of *pro bono* counsel (ECF No. 21) will be denied. *See Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993) (explaining that in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law").